# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 14 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**ABRAMSON LABOR GROUP**
W. ZEV ABRAMSON, ESQ. CA BAR NO. 289387
JACK J. GINDI, ESQ. CA BAR NO. 293739
NISSIM LEVIN, ESQ. CA BAR NO. 306376
3580 WILSHIRE BLVD, SUITE 1260
LOS ANGELES, CALIFORNIA 90010
TELEPHONE: (213) 493-6300
FACSIMILE: (213) 382-4083
NISSIM@ABRAMSONLABOR.COM

ATTORNEY FOR PLAINTIFF ZENO KING

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

### (UNLIMITED JURISDICTION)

| | |
|---|---|
| ZENO KING, JR. individually and on behalf of all others similarly situated, <br><br> PLAINTIFF, <br><br> VS. <br><br> UNION PACIFIC RAILROAD, a Corporation, and DOES 1-100, <br><br> DEFENDANTS. | **CASE NO.:** BC 683319 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> (1) FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS [CAL. LABOR CODE §§ 226, 226.3]; <br><br> (2) UNFAIR/UNLAWFUL BUSINESS PRACTICES (CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ); AND <br><br> **JURY DEMAND** |

-1-

*Plaintiffs' Class Action Complaint*

Plaintiffs ZENO KING, JR. (hereinafter referred to as "Plaintiff" by and through their undersigned attorneys, for their Class Action Complaint against Defendant UNION PACIFIC RAILROAD and Does 1 through 100 (UNION PACIFIC RAILROAD and Does 1 through 100 shall collectively be referred to as "Defendants"), respectfully alleges the following:

## I. NATURE OF ACTION

1. Plaintiffs bring this action on behalf of themselves, as a class action and on behalf of the California general public, against Defendants for Defendants' failure to issue accurate itemized wage statements to its California railroad workers ("Workers") failure to issue accurate itemized wage statements, and for unfair business practices based upon the foregoing. As a result of these acts or omissions, Defendants have violated California statutory laws as described below.

## II. JURISDICTION AND VENUE

2. Venue is proper in this county under California Business and Professions Code §17203 and California Code of Civil Procedure §§ 395(a) and 395.5. Defendants employ railroad workers who performed work in Los Angeles, Roseville, Oakland, Stockton, Long Beach, Tehachapi and other locations throughout Los Angeles County, California. Many of the acts, as well as the course of conduct charged herein, occurred in Los Angeles County.

3. Defendants are within the jurisdiction of this Court, and maintain their principal place of business in California in the city of Long Beach, county of Los Angeles. As such, Union Pacific Railroad has obtained the benefits of the laws of the State of California.

4. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiffs sue them by these fictitious names. Plaintiffs are informed and believe that each of the DOE Defendants reside in the State of California and are in some manner responsible for

the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, the Plaintiffs will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5.  In addition, Plaintiffs assert no claims arising under federal law. Rather, Plaintiffs bring causes of action based solely on, and arising from, California law. The claims of the class are also individual claims for violations of California law described herein. These claims arise from Defendants' common and systemic failure to issue accurate itemized wage statements, and their unfair business practices based on the foregoing.

## III. THE PARTIES

6.  Plaintiff ZENO KING, JR. is a California resident who was employed by Defendants from approximately October 2004 through the date of filing of this action as a non-exempt railroad worker performing work throughout Los Angeles County.

7.  Upon information and belief, Defendant Union Pacific Railroad, is a Nebraska Corporation. The company's headquarters is located at 90624 County Rd N, Morrill, NE 69358.

8.  Defendants transact millions of dollars of business in the State of California. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiffs sue them by these fictitious names. The Plaintiffs are informed and believe that each of the DOE Defendants resides in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, the Plaintiffs will amend this complaint to show the true names and capacities of these fictitiously named defendants.

## IV. CLASS ACTION ALLEGATIONS

9.  Plaintiffs bring this case as a class action pursuant to California Code of Civil

-3-

*Plaintiffs' Class Action Complaint*

Procedure § 382 on behalf of a class (hereafter referred to as the "Class" and "Class Members") consisting of:

> **All California based employees who were employed by Union Pacific Railroad and were paid on an hourly basis, at any time during the period from November 10, 2013 through the conclusion of this action (the "Class Period").**

11. Plaintiff believes that there are at least 200 current and former employees in the Class. Given Defendants' systemic failure to comply with California law regarding the issuance of accurate wage statements the members of the Class are so numerous that joinder of all members of the Class is impractical.

12. Plaintiffs' claims are typical of the claims of the members of the Class, because all Class Members are or were California employees of Defendants who were not issued complete and accurate itemized wage statements, and whose hourly rate of pay did not appear on their itemized statements. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Moreover, Plaintiffs retained counsel competent and experienced in complex, class action litigation.

13. Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

  a. Whether Defendants issued itemized wage statements which failed to accurately state the actual hours Class Members worked and the actual wages earned in violation of Cal. Labor Code § 226; and

  b. Whether the violations alleged in (a) above constitutes unfair business practices in violation of California's Unfair Competition Law, Section 17200 et seq. of the Business and Professions Code.

14. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

-4-

*Plaintiffs' Class Action Complaint*

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.[1]

15. Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

16. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## V. FACTUAL ALLEGATIONS

17. Plaintiff and the members of the Class were employed as non-exempt railroad workers in California by Defendants at various times during the Class Period.

### A. Facts Relevant to Defendants' Failure to Issue Wage Statements Compliant With Cal. Labor Code Section 226

18. Defendants issued Class Members wage statements which failed to state the recipient's hourly rate of pay.

---

[1] Under California law, Defendants must keep payroll records for all employees for at least three years. See, Cal. Labor Code §1174(d).

# FIRST CAUSE OF ACTION

## FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

### [Cal. Labor Code § 226, 226.3]

### (On Behalf of Plaintiffs and Class)

19. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraph.

20. California Labor Code § 226(a) requires that employers, when paying their non-exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee", "**all applicable hourly rates in effect during the pay period** and the corresponding number of hours worked at each hourly rate", "the inclusive dates of the period for which the employee is paid", and "the name of the employee and only the last four digits of his or her social security number."

21. Cal. Labor Code § 226(2)(B) states:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
>
> (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement.

-6-

*Plaintiffs' Class Action Complaint*

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

22. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure to comply with 226(a) is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fee.

23. During the Class Period, Defendants failed to comply with § 226(a) of the California Labor Code by failing to state the hourly wage rate.

24. Defendants' failure to comply with § 226(a)(1) was knowing and intentional.

25. Defendants' failure to provide Plaintiff and Class Members with accurate itemized wage statements during the Class Period caused Plaintiffs and Class Members to incur economic damages in that they did not receive all regular, overtime, and prevailing wages owed, and they were unable to determine from their itemized wage statements whether they had been paid all wages owed.

## SECOND CAUSE OF ACTION
## UNFAIR/UNLAWFUL BUSINESS PRACTICES
(Cal. Bus. & Prof. Code § 17200 et seq.)
[On Behalf of Plaintiffs and the Class]

26. Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

27. California Business & Professions Code Section 17200 prohibits any unlawful, unfair, or fraudulent business practices.

*Plaintiffs' Class Action Complaint*

28. Labor Code section 90.5(a) states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

29. Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code, §17200, because Defendants' conduct has violated state wage and hour laws as herein described. Indeed, Defendants' conduct as herein alleged have damaged Plaintiffs and the Class Members by failing to pay wages for each hour worked at the correct rate.

30. Beginning at a date unknown to Plaintiffs, but at least as early as November 10, 2013, Defendants committed, and continue to commit, acts of unfair competition, as defined in §17200, et seq. of the California Business and Professions Code by, among other things, engaging in the acts and practices described above.

31. Defendants engaged in unfair competition in violation of Cal. Bus & Prof. Code, §17200 et seq. by violating, inter alia, Cause of Action One and Three as stated above. Defendants' course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200, et seq. of the California Business and Professions Code.

32. Defendants' course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200, et seq. of the California Business and Professions Code.

33. The harm to Plaintiffs and members of the Class by failing to pay wages for each hour worked, failing to pay overtime, and failing to pay to the per diem prevailing wage rate outweighs the utility, if any, of Defendants' policies/practices and, therefore, Defendants' actions

*Plaintiffs' Class Action Complaint*

described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code §17200.

34. The unlawful, unfair and fraudulent business practices and acts of Defendants, as described above, have injured Plaintiffs and the Class, in that they have not been paid all their wages for all their time worked and paid at the overtime and the per diem prevailing wage rates.

## VII. JURY DEMAND

35. Plaintiffs hereby demand trial by jury of their and the proposed Class's claims against Defendants.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of themselves and members of the Class pray for judgment against Defendants as follows:

An Order than this action may proceed and be maintained as a class action on behalf of the Class;

36. On the First Cause of Action:

　　(a) A declaratory judgment that Defendants violated Labor Code §§ 226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiffs and the Class Members as set forth above, and as though fully set forth here;

　　(b) An award to Plaintiffs and the Class of $50 for each initial pay period during the Class Period in which a violation of § 226 occurred and $100 for each subsequent pay period in which a violation of § 226 occurred, not to exceed $4,000 per person, as well as an award of costs and reasonable attorneys' fees;

37. On the Second Cause of Action:

　　(a) An Order requiring Defendants, its agents, servants, and employees, and

all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constituting unfair competition under § 17200, et seq. of the Cal. Business and Professions Code;

(b) Restitution, including, but not limited to, the relief permitted pursuant to Labor Code §§ 1194, 1194.2, 510, 1720, et seq.; and

(c) An award to Plaintiffs and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §§ 1021.5, and Labor Code §§ 218 and/or 1194.

38. All other relief as this Court deems proper.

Dated: November 9, 2017

Respectfully submitted,

ABRAMSON LABOR GROUP

By: _____
Nissim Levin
Counsel for Plaintiff and the Class

*Plaintiffs' Class Action Complaint*